IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

DANNY BENNETT,                          :
                                        :
        Plaintiff,                      :
                                        :
VS.                                     :
                                        :       NO. 7:26-cv-10-WLS-CHW
                                        :
PRISON OFFICIALS;                       :
FEDERAL OFFICERS,                       :
                                        :       ORDER
        Defendants.                     :
_____        :

Pro Se Plaintiff Danny Bennett, a prisoner incarcerated at Valdosta State Prison in Valdosta, Georgia, mailed the United States District Court for the Northen District of Georgia a one-page letter in which he complained that "all of [his] rights are being violated by prison officials and federal officials." ECF No. 1. The court docketed the letter as a civil action brought under 42 U.S.C. § 1983 and transferred the action to the United States District Court for the Middle District of Georgia because Plaintiff is incarcerated in Valdosta State Prison. Plaintiff has not paid the required $405.00 filing fee or moved to proceed *in forma pauperis*

If Plaintiff wishes to proceed with this action, he must complete the enclosed § 1983 form. Plaintiff must answer all questions on the form and write legibly. If the Court cannot read the complaint, it will be dismissed. Additionally, it is unclear who Plaintiff seeks to sue or about what exactly he is complaining. When Plaintiff completes the § 1983 form, he must legibly write the name of each Defendant in the heading of the form and in

the "statement of claim" section of the form, write the name of each Defendant again and tell the Court exactly what each Defendant did, or did not do, that violated Plaintiff's constitutional or federal statutory rights.  Plaintiff's complaint is limited to **TEN (10) pages**.  Thus, while Plaintiff may include additional pages with the standard form, the total number of pages (including the § 1983 form and any attached pages) should be no more than ten.  Plaintiff does not need to provide legal arguments, and he should not attach any exhibits to the complaint.

Plaintiff must pay the $405.00 filing fee or move to proceed *in forma pauperis*.  If Plaintiff wishes to proceed without prepayment of the filing fee, he must complete the enclosed *in forma pauperis* paperwork.  He must submit (1) an affidavit in support of his claim of indigence and (2) "a certified copy of [his] trust fund account statement (or institutional equivalent) . . . for the 6-month period immediately preceding the filing of the complaint."  28 U.S.C. § 1915(a)(1)-(2).  Plaintiff should be aware that he will owe the full filing fee even if the Court grants his motion to proceed *in forma pauperis* and the filing fee will be deducted from Plaintiff's trust fund account in accordance with the Prison Litigation Reform Act.

In conclusion, if Plaintiff wishes to proceed with this action, it is **ORDERED** that he has **FOURTEEN (14) DAYS** from the date shown on this Order to file his complaint on the enclosed § 1983 form and to pay the $405.00 filing fee or request to proceed *in forma pauperis*.  If Plaintiff fails to do so, or fails to follow the instructions in this Order, his action may be dismissed.  Plaintiff should keep the Court informed of any address change and if he fails to do so, his action may be dismissed.

It is **DIRECTED** that the Clerk of Court forward to Plaintiff a standard §1983 form and *in forma pauperis* forms with the civil action number on them along with a copy of this Order.

So **ORDERED and DIRECTED**, this 24th day of February, 2026.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge