IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

DANNY BENNETT,                          :

           **Plaintiff,**                     :

v.                                       :          Case No. 7:26-cv-10 (WLS-CHW)

                                                 :

PRISON OFFICIALS, *et al.,*              :

           **Defendants.**                    :

                                                 :

## ORDER

Before the Court is a pleading filed by *pro se* Plaintiff Danny Bennett, an inmate at the Valdosta State Prison in Valdosta, Georgia, that has been docketed as a Complaint seeking relief pursuant to 42 U.S.C. § 1983. On February 24, 2026, the Court ordered Plaintiff to (1) either pay the Court's filing fee in full or submit a complete and proper motion to proceed *in forma pauperis*, and (2) recast his Complaint on the Court's standard form. (Doc. 5). Plaintiff was given fourteen (14) days to comply, and he was warned that the failure to fully and timely comply with the Court's orders and instructions could result in the dismissal of this case. The time for compliance expired without a response from Plaintiff. Thus, the Court ordered Plaintiff to respond and show cause why this case should not be dismissed for Plaintiff's failure to comply with the orders and instructions of the Court. (Doc. 6). Plaintiff was again given fourteen (14) days to respond, and he was again ordered to comply with the February 24th Order if wished to proceed with this case. He was also warned again that the failure to fully and timely comply with the Court's orders and instructions could result in the dismissal of this case.

The time for compliance has again expired without a response from Plaintiff. A district court has authority to manage its docket to expeditiously resolve cases, and this authority includes the power to dismiss a case for failure to prosecute or failure to comply with the court's orders. *Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1240-41 (11th Cir. 2009) (first citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991); and then citing Fed. R. Civ. P. 41(b)) (finding court did not err in dismissing the third amended complaint for failure to follow the court's instructions regarding how to amend the complaint). Dismissal without prejudice is generally appropriate pursuant to Rule 41(b) where a plaintiff has failed to comply with a court order, "especially where the litigant has been forewarned." *Owens v. Pinellas Cnty. Sheriff's Dep't*, 331 F. App'x 654, 656 (11th Cir. 2009) (quoting *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989)) (upholding dismissal without prejudice of *pro se* prisoner's complaint for failure to follow court's instructions). This action is therefore **DISMISSED**, without prejudice, due to Plaintiff's failure to comply with the Court's Orders.[1]

**IT IS SO ORDERED** this _18th_ day of May 2026.

_W. Louis Sands_

W. LOUIS SANDS, SR. JUDGE
UNITED STATES DISTRICT COURT

---

[1] The Court cannot tell from Plaintiff's Complaint whether the applicable statute of limitations has run or is about to run on any of Plaintiff's claims. "[W]here a dismissal without prejudice has the effect of precluding the plaintiff from re-filing his claim due to the running of the statute of limitations, it is tantamount to a dismissal with prejudice." *Stephenson v. Doe*, 554 F. App'x 835, 837 (11th Cir. 2014) (citing *Justice v. United States*, 6 F.3d 1474, 1482 n.15 (11th Cir. 1993)). If this dismissal is effectively with prejudice, dismissal is nonetheless appropriate because "a clear record of delay or willful misconduct exists, and . . . lesser sanctions are inadequate to correct such conduct." *Id.* The Court ordered plaintiff to comply with its orders and instructions on more than one occasion and specifically warned Plaintiff each time that failure to comply would result in dismissal of this action. Thus, even though this dismissal is intended to be without prejudice, dismissal with prejudice would also be appropriate. *See Hickman v. Hickman*, 563 F. App'x 742, 744 (11th Cir. 2014) (upholding *sua sponte* dismissal with prejudice for failure to properly respond to the district court's order); *Eades v. Ala. Dep't of Human Res.*, 298 F. App'x 862, 864 (11th Cir. 2008) (same).